CONBOY, appellant, v. JENNINGS *et al.*

*Will — validity of — direction of testator not included in body of will — execution of will.*

A testator wrote his will upon three pages of a sheet of paper. At the end of the second page he subscribed his name and also at the end of the third page. At the end of the second page two persons subscribed their names as witnesses at testator's request. The third page contained a conditional request or direction only. *Held,* that the will was concluded at the end of the second page; the third page formed no part of such will and did not affect its validity.

The attestation clause was simply: "Witness by us this 10th day of January, 1873." It was shown that the testator told the witnesses that the paper in question was his will and requested them to sign as witnesses, which they did. *Held,* that the will was properly executed.

APPEAL from decree of the surrogate of the county of New York refusing to admit to probate the will of John Jennings. The decree

declared that "the said indorsement in writing was not executed and attested in the manner prescribed by law for the execution and attestation of last wills and testaments, and further　＊　＊　that the said instrument in writing is null and void as and for the last will and testament of the said John Jennings, deceased." The " said indorsement " seems to refer to the direction to Margaret on the last page of the instrument set out in full in the decision hereinafter.

Touching the making, attestation and publication of the will, Davey, one of the attesting witnesses, testified as follows: " The will was written and signed when I came in the room, that is, it was signed by Mr. Jennings. I did not see him write at all at that interview." He said: " Well Mr. Daly I asked you here to sign my will, you look it over and see if it is right. That is all to that effect that I know. Mr. Daly signed it and I signed it. I asked Dr. Jennings if that was all right, and he said yes. I asked him if that was his will and he said it was his only one."

Daly, the other attesting witness, after testifying that the decedent had, several days before, asked him to witness his will, deposed as follows: " I and Mr. Davey entered the room together; he was in bed; it was daylight; he sat up and lifted the pillows and took from under the pillows the will and handed it to me, and said, now let read that will and see if it is right. I took it in my hands and read it, and he asked me if that was right. I told him I thought so. He says, is there any thing else required, I said, I believe it is necessary to put this in an envelope and seal it with wax." Which was done. Witness testifies further: " I can't recollect if he signed the will at that time. The signature was on, I remember, at the time I signed it; whether he put it on before or at the interview I do not remember. He first asked me if it was right and then asked me to sign it."

The other facts are sufficiently stated in the opinion.

*R. P. Hope,* for appellant, cited, as to where will ended, *McGuire* v. *Kerr,* 2 Bradf. 256. As to the direction on third page of will, *Owens* v. *Bennet,* 5 Harr. (Del.) 367; *Carle* v. *Underhill,* 3 Bradf. 101; *In the goods of Taylor* (9 E. L. & E. 582), 15 Jur. 1090; *In the goods of Giles Davis,* 3 Curtis, 748; *In the goods of Mary Jones,* 4 Notes of Cas. 532; *Tonnele* v. *Hall,* 4 N. Y. 140. As to the acknowledgment and attestation, *Baskin* v. *Baskin,* 36 N. Y. 419; *Kawdebaugh* v. *Shelley,* 6 Ohio St. 315; *Gaze* v. *Gaze,* 3 Curtis, 457; *Ilot* v. *George,* 3 id. 172.

Conboy v. Jenkins.

*Stallknecht, Hall & McMahon,* for contestant and respondent, cited *Chaffee* v. *Baptist Missionary Association,* 10 Paige, 86 ; *Rutherford* v. *Rutherford,* 1 Denio, 33 ; *Lewis* v. *Lewis,* 13 Barb. 17.

FANCHER, J. This is an appeal from a decree of the surrogate of New York refusing to admit to probate a paper alleged to be the will of John Jennings, deceased. The paper was written on three pages of note or letter paper. At the end of the second page the testator and the witnesses subscribed their names. The third page contained a sentence addressed to the appellant, which was subscribed by the testator. The surrogate treated the whole three pages as one instrument, and decided that one page could not be rejected while the other two pages were left to stand as the will. He has not assigned any reason for such a conclusion. The entire paper reads as follows :

" CITY AND COUNTY OF NEW YORKE.

In sound mind and proper since in the name of God I make this Will. I will two thousand dollers to my sister, Mrs. Conboy, and seven hundred dollers to John Kindregan, my wife's brother, if he dies before he can get the money, his three childer may get it, that is, Mick, James and Kate. I also lave six hundred dollers to Celia, Mrs. Lorkin, and if she is ded he childer may get the money — equel share, and twinty pounds to Bridget, Mrs. Madin, and if she is ded her son Patrick or childer may get it. I also lave fifty dollers to Bishup McClusky for the new Catheral, and fifty dollers to the Bishup of Brookly for the new Catheral, and fifty dollers to the Fathers in Howbuckin for there nue church, and fifty dollers to the sisters, them that is in most need of it. I give full pour and a-thority and controle to sell my property in Brooklyn to my sister Mrs. Conboy, and to receive the rent of it, House No. 865 Pacific street Brooklyn.

> With good since and sound mind I make this will the tenth day of January eighteen hundred and seventy-three 1873

> > JOHN JENNINGS.

Witness by us this  } PETER DALY,
10th day of *Janu-*  } THOMAS H. DAVEY.
*ary,* 1873.  }

Margret if you get five thousand dollers for the house you will give three hundred dollars to Delia and three hundred dollars to each of the Margrets.

JOHN JENNINGS."

It appears that the testator had written with his own hand the three pages, and had signed his name in two places, to wit: At the end of the second page after the date of the paper, and, also, at the end of the third page, after the remark or request to Margaret. Such signatures had already been written when the witnesses attended, and the will was published and attested. There is evidence in the form of the paper, and especially in the wording and date of it, that the testator intended the first two pages to be his will, and the residue to be a request to Margaret. There is nothing in the paper itself, nor in the facts proved, that necessarily establishes another intention. In point of fact as well as law, the first two pages have all the requisite formalities and distinctness of a will. The paper from the beginning to the end of the two pages where the testator first signed it, and where the witnesses also signed their names to attest its execution, is a sufficient will. Moreover, the circumstance that the testator closed the first two pages with the date of the instrument, and with his signature, is evidence that he intended his will to conclude at the end of the first two pages of the paper. The witnesses concurred in that purpose, by signing their names, as witnesses, to an attesting memorandum at the end of the second page nearly opposite the signature of the testator. The inference would be that his will ended there. *McGuire* v. *Kerr*, 2 Bradf. 256.

There is no necessary connection between the remark to Margaret contained in the third page of the paper, and the will itself written on the first two pages of the paper. The unattested sentence on the third page does not therefore affect the sufficiency or the validity of the attested will, and is not part of it. *Owens* v. *Bennett*, 5 Harr. (Del.) 367 ; *Carle* v. *Underhill*, 3 Bradf. 101 ; *In the goods of Taylor* (9 E. L. & E. 582), 15 Jur. 1090 ; *In the goods of Giles Davis*, 3 Curtis, 748 ; *In the goods of Mary Jones*, 4 Notes of Cases, 532 ; *Tonnele* v. *Hall*, 4 N. Y. 140.

It is objected that the signature was not acknowledged. The testator produced the paper to which he had already affixed his signature, and requested the witnesses to attest it. It was read over at

his request, and he declared it to be his will. It was said by the learned judge in *Baskin* v. *Baskin*, 36 N. Y. 419, that there could be no more unequivocal acknowledgment of a signature thus affixed, than presenting it to the witnesses for attestation, and publishing the paper so subscribed as his will. See, also, the cases there cited.

We think the paper propounded as the will of the testator down to, and including his first signature, and the signatures of the witnesses, was sufficiently proved before the surrogate as the last will and testament of John Jennings, deceased, and that the same should have been admitted to probate.

The decree of the surrogate should be reversed with costs, chargeable on the estate; and an order be made that the surrogate admit to probate that portion of the paper as the will of the testator above specified.

INGRAHAM, P. J., and BARRETT, J., concurred.

*Ordered accordingly.*